UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

FLAVIO MORENO,

                              Plaintiff,

        v.

NEV. DEPT. CORR. *et al.*,

                              Defendants.

Case No. 3:18-cv-00137-MMD-CBC

ORDER

This action began with a pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983 by an incarcerated person. Plaintiff has submitted an application to proceed *in forma pauperis*. (ECF No. 1). Based on the financial information provided, the Court finds that Plaintiff is unable to prepay the full filing fee in this matter.

The Court entered a screening order on April 25, 2019. (ECF No. 4). The screening order imposed a 90-day stay and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. (ECF Nos. 4, 12). The Office of the Attorney General has filed a status report indicating that settlement has not been reached and informing the Court of its intent to proceed with this action. (ECF No. 15).

Plaintiff has filed identical motions for temporary restraining order ("TRO") and preliminary injunction (ECF Nos. 7, 8). In the original complaint, Plaintiff was alleging that prison officials refused to provide Plaintiff with surgery. (*See* ECF No. 5). The motions for TRO and preliminary injunction acknowledge that prison officials provided Plaintiff with surgery but Plaintiff seeks another surgery because he alleges the surgery was unsuccessful. (*See* ECF No. 7 at 3–8). The Court denies the motions without prejudice because the relief sought in the motions are not related to the original complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) (holding

that "[a] court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction").

For the foregoing reasons, it is therefore ordered that:

1.     Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is granted. Plaintiff will not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

2.     The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed *in forma pauperis* will not extend to the issuance and/or service of subpoenas at government expense.

3.     Pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (Flavio Moreno, #1049218), in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk of the Court will also send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

4.     The Clerk of the Court must electronically serve a copy of this order and a copy of Plaintiff's complaint (ECF No. 5) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

5.     Service must be perfected within 90 days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

6.     Subject to the findings of the screening order (ECF No. 4), within 21 days of the date of entry of this order, the Attorney General's Office must file a notice advising the

Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office must file, under seal, but will not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office must attempt to obtain and provide the last known physical address(es).

7.     If service cannot be accepted for any of the named defendant(s), Plaintiff must file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff must provide the full name and address for the defendant(s).

8.     If the Attorney General accepts service of process for any named defendant(s), such defendant(s) must file and serve an answer or other response to the complaint (ECF No. 5) within 60 days from the date of this order.

9.     Plaintiff must serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff will include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed or electronically filed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff must direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

10.    This case is no longer stayed.

11.    The motions for TRO/preliminary injunction (ECF Nos. 7, 8) are denied without prejudice.

DATED THIS 17th day of September 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE