UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FLAVIO MORENO,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br>ROMEO ARANAS, *et al.*,<br>　　　　　　　　Defendants. | Case No. 3:18-cv-00137-MMD-CLB<br><br>ORDER |

**I.　SUMMARY**

*Pro se* Plaintiff Flavio Moreno, currently incarcerated and in the custody of the Nevada Department of Corrections ("NDOC"), sued correctional facility medical officials, Defendants Kim Adamson and Romeo Aranas, primarily alleging violations of his Eighth Amendment right to be free from cruel and unusual punishment under 42 U.S.C. § 1983. (ECF No. 5.) Before the Court is the Report and Recommendation (ECF No. 43 ("R&R")) of United States Magistrate Judge Carla L. Baldwin. The R&R recommends the Court grant Defendants' summary judgment motion (ECF No. 29 ("Motion")) because the undisputed evidence shows no reasonable jury would find for Plaintiff on both his deliberate indifference and retaliation claims. (ECF No. 43 at 9-10, 14.) Plaintiff filed an objection (ECF No. 44 ("Objection")) to Judge Baldwin's R&R.[1] As further explained below, the Court will overrule Plaintiff's Objection because the Court agrees with Judge Baldwin's analysis of the Motion, and will fully adopt the R&R, resolving this case in Defendants' favor.

///

///

---

[1] The Court also reviewed Defendants' response to Plaintiff's Objection. (ECF No. 45.)

## II. BACKGROUND

The Court incorporates by reference Judge Baldwin's recitation of the factual background of this case (ECF No. 43 at 1-6), and does not recite it here.

## III. LEGAL STANDARDS

### A. Review of the Magistrate Judge's Recommendation

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Because of Plaintiff's Objection to the R&R, the Court has undertaken a *de novo* review of it, including the underlying briefs.

### B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and

///

draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986) (citation omitted).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient[.]" *Anderson*, 477 U.S. at 252.

**IV.   DISCUSSION**

Following a *de novo* review of the R&R, relevant briefs, and other records in this case, the Court finds good cause to accept and adopt Judge Baldwin's R&R in full. The Court addresses Plaintiff's Objection below.

Plaintiff's Objection is unpersuasive primarily because it does not specifically address Judge Baldwin's R&R. Instead, Plaintiff merely repeats arguments Plaintiff made in the underlying summary judgment briefing—that Defendants were deliberately indifferent to his serious medical needs by intentionally delaying and denying him adequate treatment. (ECF No. 44 at 5-8.) Plaintiff primarily argues in his Objection that his medical needs were unmet for a period of six months, from September 26, 2017 to February 27, 2018. (*Id.* at 8.) Defendants reassert that delays in treating Plaintiff are the result of Defendants' requirement of following NDOC procedures to authorize certain medical treatments, which does not amount to deliberate indifference to medical needs

///

under the Eighth Amendment. (ECF No. 45 at 2.) Like Judge Baldwin when faced with the same arguments, the Court agrees with Defendants.

First, as Judge Baldwin stated in her R&R, "Defendants' adherence to institutional protocols does not show the type of subjective mental component necessary to establish deliberate indifference." (ECF No. 43 at 11 (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).) Second, a "mere delay of surgery, without more, is insufficient to state a claim of deliberate indifference." *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Third, Judge Baldwin found undisputed the fact that Plaintiff was seen by NDOC medical providers at least 14 different times during the two-year period from the time Plaintiff met Adamson to when Plaintiff's Complaint was filed. (ECF No. 43 at 6.)

This Court additionally finds the following. During the six-month period Plaintiff argues in his Objection that his medical needs were unmet, Plaintiff was provided with: 60 mg Toradol for his pain on October 4, 2017 (ECF No. 31-3 at 12); additional spine x-rays on October 17, 2017 (ECF No. 31-5 at 6); an MRI scan on November 27, 2017 (ECF No. 31-6); and Plaintiff was seen by NDOC care providers on January 3, 2018 to discuss his lab results (ECF No. 31-3 at 2). The Court therefore overrules Plaintiff's Objection rearguing Defendants were deliberately indifferent to his medical needs by intentionally delaying and denying him adequate treatment because the evidence shows Plaintiff received treatment during the pertinent six-month period.

Plaintiff otherwise objects that Defendants did not provide him with "earnest care" because the surgery Plaintiff received was incomplete, and the additional surgeries he currently needs would "shock the conscious [sic]." (ECF No. 44 at 10.) Plaintiff more specifically states in Plaintiff's Objection that Defendants partially cut his back open. (*Id.* at 4.) This subjected Plaintiff to "additional harm[s] and additional surger[ies]" that remain unmet. (*Id.*) The Court overrules Plaintiff's Objection to the extent Plaintiff argues Defendants did not provide him with "earnest care."

The Court interprets Plaintiff's dissatisfaction with his surgery and its results as a new allegation of Defendants' negligence, which is not properly before the Court because

4

Plaintiff did not include it in his operative complaint. In Plaintiff's Complaint, Plaintiff alleged that prison officials refused to provide Plaintiff with surgery—not that Plaintiff was dissatisfied with the results of his surgery. (ECF No. 5.) Because Plaintiff did not allege negligence arising from the surgery in his Complaint, the Court may not consider this new claim.[2] *See Pickern v. Pier 1 Imps. (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th. Cir. 2006); *Martini E Ricci Iamino S.P.A. – Consortile Societa Agricola v. Trinity Fruit Sales Co., Inc.*, 30 F. Supp. 3d 954, 971-72 (E.D. Cal. 2014) (citations omitted) ("[A] plaintiff generally may not advance a new claim at the summary judgment stage. If a plaintiff wishes to pursue a new claim, generally the proper procedure is to file an amended complaint prior to summary judgment.").

In sum, the Court overrules Plaintiff's Objection to the R&R. The Court will therefore adopt the R&R in its entirety, grant Defendants' summary judgment motion, and resolve this case in Defendants' favor.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the Report and Recommendation of Magistrate Judge Carla L. Baldwin (ECF No. 43) is accepted and adopted in full.

It is further ordered that that Defendants' motion for summary judgment (ECF No. 29) is granted.

///

///

///

---

[2] Additionally, mere negligence cannot support a claim of deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.").

The Clerk of Court is directed to enter judgment in Defendants' favor in accordance with this order and close this case.

DATED THIS 24th Day of September 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE